IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARY SUMMERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | NO. 2:14-CV-00189-J |
| JEREMY EFFINGER and HODGES | § | |
| TRUCKING COMPANY, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand, seeking to remand this case to state court because of Defendants' alleged failure to satisfy the thirty-day removal deadline mandated by 28 U.S.C. § 1446(b)(1). Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff filed her Original Petition in the 31st Judicial Court of Wheeler County, Texas on March 5, 2014, seeking damages arising from an automobile accident. In her Original Petition, Plaintiff failed to specify the maximum amount of damages she was seeking, as required by Texas Rule of Civil Procedure 47. Defendants Jeremy Effinger and Hodges Trucking Company, LLC, filed their answers and special exceptions on May 27, 2014 and June 5, 2014, respectively, in which they demanded that Plaintiff re-plead her cause of action to state a maximum amount of damages. On August 14, 2014, Defendants received a copy of Plaintiff's First Amended Petition, which stated that the maximum amount of damages sought by Plaintiff was five million dollars. Nineteen days later, on September 2, 2014, Defendants filed a Notice of Removal, removing this case from the 31st Judicial Court of Wheeler County, Texas to this

1

Court. Defendants asserted that removal was proper under 28 U.S.C. § 1441 because, under 28 U.S.C. § 1332(a), there was complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeded $75,000.

On October 2, 2014, Plaintiff filed a Motion to Remand, arguing that Defendants had failed to satisfy the thirty-day removal deadline mandated by 28 U.S.C. § 1446(b)(1)—Defendants received Plaintiff's initial pleadings on March 5, 2014 but did not file a notice of removal until September 2, 2014, almost six months later. Defendants filed a response to Plaintiff's Motion to Remand on October 7, 2014, arguing that the thirty-day removal deadline did not begin to run with the filing of Plaintiff's Original Petition on March 5, 2014, because that petition did not state claims that were removable under 28 U.S.C. § 1441. Specifically, Defendants assert that under 28 U.S.C. § 1446(b)(3), the thirty-day removal deadline was effectively tolled until August 14, 2014, the date that Defendants first received a copy of an amended pleading from which it could be ascertained that the case was removable—because in the amended pleadings, Plaintiff specified for the first time that she sought damages in excess of the $75,000 threshold necessary to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

Thus, Defendants argue, the thirty-day deadline should be measured from August 14, 2014, rather than from March 5, 2014. Because Defendants filed their Notice of Removal on September 2, 2014—well within the thirty-day deadline—Defendants argue that they have satisfied the procedural requirements for removal under 28 U.S.C. § 1446.

## DISCUSSION

Even if a federal district court would otherwise possess original jurisdiction over a case, the case must nevertheless be remanded to state court if removal is untimely under the deadlines imposed by 28 U.S.C. § 1446. *See Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 760-

62 (5th Cir. 2000). The timeliness of removal is governed by section 1446(b)(1), which states that a defendant who wishes to remove a case to federal court under 28 U.S.C. § 1441 must file a notice of removal "within 30 days after receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). However, section 1446 contains an exception to this thirty-day rule in situations where "the case stated by the initial pleadings is not removable." 28 U.S.C. § 1446(b)(3). If the initial pleadings do not present a removable case, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

Here, Defendants argue that because Plaintiff's Original Petition failed to specify a maximum amount of damages sought, "removal would have been improper as it would have required Defendants to speculate as to Plaintiff's damages." Defs.' Resp. to Pl.'s Mot. to Remand 3. It was only when Plaintiff filed her First Amended Petition, Defendants argue, that it first became ascertainable that Plaintiff sought damages in excess of $75,000 and that the case was thus removable on the basis of diversity jurisdiction. Plaintiff argues that because her Original Petition contained an extensive catalog of damages, Defendants should have been on notice that the amount in controversy exceeded $75,000. Furthermore, Plaintiff asserts that there were enough facts in her Original Petition to establish that the amount in controversy exceeded $75,000—thus supporting a timely removal based on the content of the Original Petition, and activating the thirty-day removal clock on the date Defendants received the Original Petition.

### A. CHAPMAN'S *BRIGHT LINE RULE*

Curiously, in making these arguments, both parties completely fail to address the Fifth Circuit's decision in *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), a case that

3

directly addresses and resolves this removal issue. Why the parties failed to cite this binding precedent remains a mystery to the Court. In *Chapman*, the Fifth Circuit held that "for the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The court went on to state that it was "*adopting a bright line rule* requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* (emphasis added).

On its face, the Fifth Circuit could not have been clearer—the thirty-day removal deadline will only begin to run upon defendant's receipt of the initial pleading if the plaintiff includes in that pleading a "specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* If that specific allegation is absent, the case is not yet removable, and the thirty-day deadline is tolled until "receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### B. TWO ALTERNATIVE INTERPRETATIONS OF CHAPMAN

Despite this unequivocal language, the district courts within the Fifth Circuit appear sharply divided on how to interpret *Chapman's* holding. Some district courts "have interpreted *Chapman* as holding that an initial pleading triggers section 1446(b)'s removal period only when that pleading explicitly states—either numerically or in so many words—that the amount in controversy satisfies the federal jurisdictional requirement." *Napier v. Humana Marketpoint,*

4

*Inc.*, 826 F. Supp. 2d 984, 987 (N.D. Tex. 2011); *see, e.g., Grooms v. Saint*, 1:10CV175-A-D, 2010 WL 5027167, at *2-*4 (N.D. Miss. Dec. 3, 2010); *Capturion Network, LLC v. Daktronics, Inc.*, CIVA 208CV232-KS-MTP, 2009 WL 1515026, at *3-*7 (S.D. Miss. May 29, 2009); *Staton v. Wells Fargo Bank, N.A.*, 192 F. Supp. 2d 681, 683-84 (N.D. Tex. 2002); *Freeman v. Witco Corp.*, 984 F. Supp. 443, 446-47 (E.D. La. 1997).

However, many other district courts "interpret *Chapman* to hold that the defendant's receipt of an initial pleading triggers the removal period even when the pleading does not identify a specific amount of damages." *Vielma v. ACC Holding, Inc.*, EP-12-CV-501-KC, 2013 WL 3367494, at *4 n.3 (W.D. Tex. Apr. 16, 2013); *see, e.g., Napier v. Humana Marketpoint, Inc.*, 826 F. Supp. 2d 984, 987-88 (N.D. Tex. 2011); *Salomon v. Wells Fargo Bank*, No. EP–10–CV–106, 2010 WL 2545593, at *3-*4 (W.D. Tex. June 21, 2010); *Wise v. Bayer*, 281 F. Supp. 2d 878, 884-85 (W.D. La. 2003); *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 662-63 (E.D. Tex. 2000); *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999). These courts hold that if the nature of the damages described in the original complaint would place the defendant on notice that the amount of damages exceeds the diversity jurisdiction minimum, then the original complaint is removable and the thirty-day clock begins to run immediately upon Defendant's receipt of the original complaint, even in the absence of a specific allegation that damages are in excess of the jurisdictional minimum. *See Capturion Network, LLC v. Daktronics, Inc.*, CIVA 208CV232-KS-MTP, 2009 WL 1515026, at *3 (S.D. Miss. May 29, 2009).

While acknowledging the contrary decisions of other district courts, this Court finds that *Chapman's* unequivocal language requiring a plaintiff "to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount," *Chapman*, 969 F.2d

at 163, unambiguously mandates that the initial complaint contain an express specification of the amount of damages sought in order to activate section 1446's thirty-day removal clock. *See Capturion*, 2009 WL 1515026, at *4 ("*Chapman* forecloses the possibility that the 30-day clock could commence based solely on a defendant's notice that the amount in controversy exceeds the jurisdictional minimum"). The court in *Capturion* acknowledged that the Fifth Circuit's later decision in *Bosky v. Kroger Tex., LP*, 288 F.3d 208 (5th Cir. 2002) contains language simultaneously affirming and calling into question the bright line rule established in *Chapman*. *See Capturion*, 2009 WL 1515026, at *4. However, because "the *Bosky* court gave no indication whatsoever that it intended to alter the standard governing the 30-day clock in the first paragraph of § 1446(b)" and because the Fifth Circuit "expressly deferred to *Chapman* as to what standard governed [§ 1446(b)(1)]," the court in *Capturion* ultimately concluded that the bright line rule in *Chapman* had not been discarded. *Id.* at *6. This Court reaches the same conclusion and follows the approach taken by those district courts that continue to apply the *Chapman* bright line rule.

Here, Plaintiff's Original Petition failed to specify a maximum amount of damages sought and failed to make any allegation that damages were in excess of $75,000—the amount in controversy threshold for diversity jurisdiction under 28 U.S.C. § 1332. Thus, under *Chapman*, the thirty-day removal clock did not begin to run upon Defendants' receipt of Plaintiff's Original Petition on March 5, 2014, but rather only began to run upon receipt of Plaintiff's First Amended Petition on August 14, 2014—when it first became "ascertainable" that Plaintiff was seeking damages in excess of the $75,000 amount in controversy minimum for diversity jurisdiction. *See Chapman*, 969 F.2d at 163. Defendants filed their notice of removal on September 2, 2014, nineteen days after receipt of Plaintiff's First Amended Petition—well within the thirty-day deadline mandated by 28 U.S.C. § 1446(b)(3). Because Defendants have satisfied the procedural

requirements necessary to remove a case to federal court, the Court denies Plaintiff's Motion to Remand.

## CONCLUSION

Plaintiff's Motion to Remand is DENIED.

It is SO ORDERED.

Signed this the ____ day of October, 2014.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

7